ORDERED.

Dated:  December 09, 2019

_Catherine McEwen_
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                   Case No. 8:19-bk-08152-CPM

                                                         Chapter 7

Scott Stroup

Jessica Stroup

          Debtors      /

### ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND 3 TIER REAL ESTATE,LLC TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §327, 328 AND 330

Upon the Notice and Application of Traci Stevenson, the trustee in the above-captioned case ("Trustee"), to *Retain BK Global Real Estate Services and 3 Tier Real Estate,LLC to Procure Consented Public Sale pursuant to 11 U.S.C. § 327, 328 and 330* ("Application") [Docket No. 16 ], the Court having reviewed and considered the Notice, Application and the Affidavit of Disinterestedness and having found good and sufficient cause appearing therefore and the same to be in the best interest of Debtor and the creditors the Court hereby FINDS that:

8

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2).

B. Venue of this Chapter 7 case and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Notice of the Application was sufficient under the circumstances.

Based upon the foregoing findings of fact, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1. The Application is hereby APPROVED.

2. Defined terms not otherwise defined herein have the meanings given to them in the Application and the Affidavit.

3. The Trustee is authorized to retain and compensate BKRES and Listing Agent to procure Secured Creditor's Consent, and otherwise market and sell the Property, in Debtors' Chapter 7 case pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016, in accordance with the terms and conditions set forth in the BKRES Agreement, the Listing Agreement and this Order.  BKRES and Listing Agent shall not split or otherwise share their fees with any other person or entity.

4. BKRES and Listing Agent are disinterested persons within the meaning of Bankruptcy Code Section 101(14).

5. BKRES and Listing Agent shall be compensated in accordance with the BKRES Agreement and Listing Agreement, respectively, and such compensation shall not hereafter be subject to challenge except under the standard of review set forth in Section 330 of the Bankruptcy Code. Compensation will be determined later in accordance with 11 U.S.C. § 330.

6. BKRES and Listing Agent shall be authorized to receive and retain their fees from Secured Creditor at the successful closing of the sale of the Property without necessity of further

order of the Court. The estate shall, in no circumstance, be obligated to compensate BKRES or Listing Agent in such event and BKRES and Listing Agent shall not have a claim against the estate for any unpaid amounts. BKRES and Listing Agent, and anyone claiming by, through or under either of them, shall only have recourse for recovering its fee to Secured Creditor. The estate shall have no liability for any such claim.

7. Notice of the Application was adequate and proper.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Traci K. Stevenson is directed to serve a copy of this order on interested parties who are non-CM/ECF users and to file a proof of service within 3 days of entry of the order.