Dated:  May 20, 2020

ORDERED.

*Catherine M. Ewen*
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

In re:                                                                                    Case No.: 8:19-bk-08152-CPM

Chapter 7

Scott Stroup
Jessica Stroup

<u>Debtors              </u>/

ORDER GRANTING TRUSTEE'S MOTION

<u>TO SELL REAL PROPERTY AND PAY SECURED CREDITORS</u>

(8011 Lantern Dr Almont, MI 48003)

THIS CASE came on before the court for hearing on May 12, 2020, to consider Chapter 7 Trustee, Traci Stevenson's ("<u>Trustee</u>") *Motion to Sell Real Property and Pay Secured Creditors* (the "<u>Motion</u>") (Dkt. No. 28) filed on April 17, 2020. For the reasons stated on the record at the hearing, it is hereby:

**ORDERED** and **ADJUDGED** as follows:

1. The notice of the Motion is approved as proper and adequate under the circumstances.

2. The Motion is GRANTED.

3. The Trustee is authorized to sell the real property described below:

The following described premises, situated in the Township of Almont, County of Lapeer, and State of Michigan, to-wit: Part of the Southeast 1/4 of Section 22 and part of the Southwest 1/4 of Section 23, 16N-R12E, Almont Township, Lapeer County, Michigan, described as beginning at a point that is North 2 degrees 12' 14" West 1696.34 feet along the East line of Section 22 and on a curve to the right, radius 233.0 feet, central angle 15 degrees 40' 34" and whose chord bearing and distance is North 5 degrees 38 ' 07" East 63.55 feet from the Southeast corner of Section 22: thence continuing along said curve, radius 233.0 feet, central angle 41 degrees 28' 26" and whose chord bearing and distance is North 34 degrees 12' 33" East 165.0 feet; thence North 2 degrees 12' 14" West 926.68 Feet; thence South 88 degrees 02' 50" West 106.62 feet to the East 1/4 corner of Section 22: thence South 86 degrees 44' 56" West 239.71 feet; thence South 00 degrees 30' 50" West 1028.58 feet; thence South 86 degrees 47' 54" East 298.44 feet to the point of beginning. CONTAINS 8.74 ACRES, more or less.

TOGETHER WITH & SUBJECT TO A 66 FOOT WIDE "ROAD EASEMENT" FOR INGRESS & EGRESS PURPOSES, whose centerline is described as beginning at a point on the South section line that is North 85 degrees 48' 46" East 33.02 feet from the Southwest corner of Section 23; thence North 2 degrees 12' West 1695.20 feet; thence on a curve to the right, radius 200.0 feet, central angle 88 degrees 01' chord bearing and distance, North 41 degrees 48' 16" East 277.91 feet; thence North 85 degrees 48' 46" East 781.0 feet to a point of ending at the center of a 70 foot radius turn-around, AND ALSO TOGETHER WITH EASEMENT RIGHTS FOR INGRESS & EGRESS PURPOSES OVER & ACROSS A 66 foot wide strip of land, the centerline of which is described as beginning at a point that is South 5 degrees 38' 07" West 63.55 feet and South 2 degrees 12' 14" East 218.82 feet from the Southeast corner of said parcel; thence South 88 degrees 35' 50" West 2790.69 feet to a point of ending. Parcel # 001-022-053-00.

more commonly known as, 8011 Lantern Dr Almont, MI 48003 (the "Real Property"), for $318,250.00, conditioned on the consent of its lienholder(s), and in accordance with the terms provided for in the Motion.

4. The Trustee is authorized to pay the secured mortgage creditor, Tri-County Bank, ("Tri County Senior Mortgage") the amount of their lien Recorded at Liber 2482 Page 979, and amended by a Modification Agreement Recorded at Liber 2756 Page 275 which has a balance owing as of March 20,

2020 of $148,214.05,.The Tri- County Senior Mortgage shall be deemed satisfied in full by payment at Closing in the amount of 149,030.20 and shall waive any and all deficiency owed upon receipt of this payment.

5. The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtor in the Real Property to Luke Abbott (the "Buyer").

6. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer(s) all right, title and interest of the Debtors and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

- A. Scott Stroup, Debtor, name on deed
- B. Tri-County, Senior Mortgage
- C. Mortimer & Son Lumber Company ("Mortimer Junior Mortgage" as defined herein)
- D. Tri- County Bank's junior lien ("Tri- County Junior Mortgage" as defined herein)
- E. Imlay as defined in paragraph 9 below

7. The Mortimer Junior Mortgage and the Tri County Junior Mortgage (referred to also collectively as "Secured Creditors")  shall attach to the Subordinate Lien Holder Funds  with the same priority, validity, force and effect as these Secured Creditors' claims held against the Real Property at the time of the filing of the petition in bankruptcy of the above captioned case.

8. The Trustee is authorized to allow Imlay City Concrete, Inc. d/b/a Homer Concrete Products, the holder of a judgment lien recorded in the State of Michigan against the property (Case No. 18-051894-CZ(H)) ("Imlay Claim") to file an unsecured proof of claim and it will be considered as a timely

filed claim. Imlay's claim shall be limited to treatment as an unsecured creditor, subject to the Trustee's right to object to Imlay's claim. In any event Imlay shall not receive any payment from the sale of the Real Property.

9. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

10. The Buyer has not assumed any liabilities of the Debtor.

11. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---:|
| Total Sales/Brokers Commission: | |
| 2% to 3 Tier Real Estate, LLC | $6,700.00 |
| 2% to Key Realty | $6,700.00 |
| 2% to BK Global Real Estate Services | $6,700.00 |
| Bankruptcy Estate Fee to T. Stevenson, as Trustee for the Estate | $15,000.00 |

12. Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and with the consent of the Senior Mortgage holder, the Mortimer Lumber Junior Mortgage holder, the Tri County Junior Mortgage holder and applicable homeowners association. Further, as part

of the closing process, the closing agent and any escrow agent making disbursements of the proceeds of the sale is permitted and directed to make disbursements to the bankruptcy estate of the debtors as provided in paragraph 14 of this Order.

13. The funds remaining at or after closing after paying all authorized payments identified in this paragraph and paragraph 14 of this Order shall hereinafter be referred to as the Subordinate Line Holder Escrow Funds. The Subordinate Lien Holder Escrow Funds shall be made payable to the Iurillo Trust Account for the benefit of Mortimer and Sons Lumber and Tri-County as to their remaining mortgage interests:

   A. Mortgage to Tri-County Bank in the original amount of $152,000.00 executed April 12, 2017 recorded at Liber 2889 Page 953, ("Tri- County Bank Junior Mortgage")

   B. Mortgage to Mortimer Lumber in the original amount of $149,462.00 recorded at Liber 2958 Page 564 ("Mortimer Lumber Junior Mortgage")

14. Their respective rights are to be determined in the State Court case in Lapeer County Michigan Case No. 19-052601-CH(H) Consolidated with Case #19-0525691 CH (H), ("State Court"). The Subordinate Lien Holder Escrow Funds held in the Iurillo IOTA trust account shall be disbursed in accordance with a final and non-appealable order issued from the State Court. This court shall retain jurisdiction to determine any disputes arising out of or related to the Escrow Agent's obligation on disbursement of the Subordinate Lien Holder Escrow Funds. Any attorneys' fees or costs incurred by the Iurillo Escrow Agent in its capacity as the Iurillo Escrow Agent shall be paid from the Subordinate Lien Holder Escrow Funds.

15. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

16. Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

17. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

18. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' bankruptcy estate.

19. The Court specifically determines that property of the bankruptcy estate as defined in 11 U.S.C. §541 includes any and all funds remaining after authorized closing disbursements are made ("Remaining Funds"). The closing agent and any escrow agent making disbursements of the proceeds of the sale is permitted and directed to remit to the Trustee such Remaining Funds as part of the closing process.

Traci Stevenson is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.